268 F.Supp.2d 1379 (2003)
In re ADVANTAGE INVESTORS MORTGAGE CORP. MORTGAGE FUNDS LITIGATION
Decision One Mortgage Co., LLC
v.
Advantage Investors Mortgage Corp., W.D. North Carolina, C.A. No. 3:02-383
Ohio Savings Bank
v.
Advantage Investors Mortgage Corp., N.D.Ohio, C.A. No. 1:02-2072
No. 1523.
Judicial Panel on Multidistrict Litigation.
June 17, 2003.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

ORDER DENYING TRANSFER
WILLIAM TERRELL HODGES, Chairman.
This litigation currently consists of two actions pending, respectively, in the Western District of North Carolina and the Northern District of Ohio.[1] Advantage Investors *1380 Mortgage Corp., the defendant in both actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Texas or the Eastern District of Virginia. The respective plaintiffs in the two actions, Decision One Mortgage Co., LLC, and Ohio Savings Bank, oppose transfer.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact and law in this docket now consisting of only two actions (one of which, in the Western District of North Carolina, is already the subject of an order compelling arbitration) are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). See also Manual for Complex Litigation, Third, § 31.14 (1995).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.
NOTES
[1] The Section 1407 motion, as filed, also pertained to two additional actions: Lehman Brothers Bank, FSB v. Advantage Investors Mortgage Corp., S.D. New York, CA. No. 1:02-9240; and Advantage Investors Mortgage Corp. v. Decision One Mortgage Co., LLC, et al., N.D. Texas, CA. No. 3:02-2622. The New York action was ordered dismissed on consent of the parties on May 16, 2003; and the Texas action was ordered dismissed with prejudice on April 14, 2003. Accordingly, the question of Section 1407 transfer with respect to these two actions is now moot.